ACCEPTED
03-14-00375-CV
8207769
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/11/2015 4:29:42 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00375-CV

# In the
# Third Court of Appeals
# Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/11/2015 4:29:42 PM
JEFFREY D. KYLE
Clerk

—————————

AUSPRO ENTERPRISES, LP,

*Appellant*,

v.

TEXAS DEPARTMENT OF TRANSPORTATION,

*Appellee*.

—————————

On Appeal from the 345th Judicial District Court of
Travis County, Texas

—————————

**APPELLANT AUSPRO ENTERPRISES, LP'S RESPONSE IN OPPOSITION TO
TXDOT'S MOTION FOR LEAVE TO FILE POST-SUBMISSION BRIEF**

—————————

Meredith B. Parenti
State Bar No. 00797202
PARENTI LAW PLLC
7500 San Felipe, Suite 600
Houston, Texas 77063
[Tel] (281) 224-5848
[Fax] (281) 605-5677
meredith@parentilaw.com
*Counsel for Appellant*
*AusPro Enterprises, LP*

## IDENTITIES OF PARTIES AND COUNSEL

The following is a complete list of the parties, attorneys, and any other person who has any interest in the outcome of this appeal.

**Defandant/Appellant:**

AusPro Enterprises, LP

**Counsel for Defendant/Appellant:**

Meredith B. Parenti
State Bar No. 00797202
PARENTI LAW PLLC
7500 San Felipe, Suite 600
Houston, Texas 77063
[Tel] (281) 224-5848
[Fax] (281) 605-5677
meredith@parentilaw.com

**Plaintiff/Appellee:**

Texas Department of Transportation

**Counsel for Plaintiff/Appellee:**

Douglas Geyser
Assistant Solicitor General
Matthew Bohuslav
Assistant Attorney General, Transportation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
[Tel] (512) 936-2540
[Fax] (512) 472-3855
douglas.geyser@texasattorneygeneral.gov
matthew.bohuslav@texasattorneygeneral.gov

To the Honorable Third Court of Appeals:

Appellant AusPro Enterprises, LP opposes Appellee Texas Department of Transportation's Motion for Leave to File Appellee's Post-Submission Brief. Additional briefing is not warranted because this case already has been fully briefed and presented to the Court after extensive supplemental briefing on the impact of the Supreme Court's decision in *Reed v. Town of Gilbert*, 576 U.S. __, 135 S.Ct. 2218 (2015). Allowing additional briefing would needlessly waste additional time and resources of the Court and the parties, and postpone the ultimate resolution of this case for no good reason.

TxDOT argues that the interest of fairness requires that this Court permit it to file a 26-page post-submission brief to address arguments AusPro made in its supplemental reply brief and at oral argument "to which the Department had no opportunity to respond in writing." Mot. at 2. However, the bulk of TxDOT's 26-page proposed submission responds to arguments raised by AusPro in its briefing, not any new arguments that TxDOT claims were made for the first time at oral argument by AusPro. TxDOT discusses issues that it claims were raised at oral argument on only five of the 26 pages of its attempted brief. *See* TxDOT Post-Submission Br. at 3, 4, 7, 20, 25.

The subject of TxDOT's attempted post-submission brief on almost every page is AusPro's briefing, including the following examples:

1

- "AusPro's opening brief and supplemental brief argued . . . ." TxDOT Post-Submission Br. at 1.

- "AusPro's opening brief *disclaimed* . . . ." *Id.* at 2.

- "AusPro's supplemental reply brief disputed . . . ." *Id.* at 3.

- "None of AusPro's briefs ever asked . . . ." *Id.* at 6.

- "AusPro's briefing expressly agreed . . . ." *Id.* at 7.

- "in response to AusPro's reply brief . . . ." *Id.* at 12.

- "AusPro's briefing expressly agreed . . . ." *Id.* at 15.

- "AusPro's opening brief challenged . . . ." *Id.* at 22.

- "AusPro's reply brief implies . . . ." *Id.* at 23 n.16.

- "AusPro's reply brief expressly conceded . . . ." *Id.* at 24.

TxDOT does not indicate how it was prevented from responding to these arguments in writing before oral argument. The Office of the Attorney General was served with AusPro's supplemental reply brief on October 7, 2015, over 40 days before this case was submitted to the Court at the close of oral argument on November 18, 2015. TxDOT could have, but did not, seek leave of Court to file a sur-reply. *See* TEX. R. APP. P. 38.7 (allowing the filing of supplemental briefs).

In April, the Court granted AusPro's motion to allow supplemental briefing to permit the parties to address the Supreme Court's decision in *Reed. See* Mem. Op. (Apr. 29, 2015) (setting forth supplemental briefing schedule). The Court's Order stated that the parties could request an expansion of their briefing limits through established procedures. *Id.* at 2. TxDOT did not request additional

2

supplemental briefing in order to address issues raised in AusPro's supplemental reply, but waited until 14 days after the case was fully submitted to the Court to file its proposed post-submission brief. TxDOT's failure to respond in writing to AusPro's earlier briefing may have been a strategic decision, but fairness dictates that it must live with the consequences of its inaction.

AusPro did not "deprive[ ] the Department of the ability to fully respond," Mot. at 3, and there is no basis for its assertion that "the Department had no opportunity to respond in writing" to arguments raised in AusPro's briefing.  Mot. at 2.  TxDOT merely seeks to respond at a time and place of its choosing.

The three arguments TxDOT claims AusPro first made in rebuttal at oral argument were either:

1. made in AusPro's briefs, *compare* TxDOT Post-Submission Br. at 4 (AusPro's contention at argument that "all other content-based exemptions necessarily also violate strict scrutiny") *with* AusPro Supp. Br. at 18 ("As demonstrated above and in AusPro's opening brief and supplemental brief on *Reed*, because the Act is content based it is subject to strict scrutiny. *See* AusPro Supp. Br. at 11-15; AusPro Opening Br. at 29-44.");

2. made in response to a new argument raised first by TxDOT during oral argument, *compare* TxDOT's oral argument contention that severability was not at issue in *Reed with* TxDOT Post-Submission Br. at 3 (stating that AusPro's counsel suggested *Reed* forecloses severability); or

3. made as a suggestion by the Court during questioning at oral argument, *see* TxDOT Post-Submission Br. at 4 (stating incorrectly that AusPro agreed with the proposed remedy raised by the Court of excising the time limit in the election sign exemption).

3

These arguments are the fig leaf behind which TxDOT is attempting to hide its proposed 26-page post-submission sur-reply. TxDOT's attempt at rewriting and expanding its briefing after the case was submitted should be rejected.

Indeed, it was TxDOT, not AusPro, that made the biggest revelation at oral argument. For the first time, TxDOT conceded that the election sign exemption was content based, subject to strict scrutiny, and unable to survive strict scrutiny. Yet, somehow TxDOT has the audacity to argue that "AusPro moved the goalposts again at oral argument—including during rebuttal after which TxDOT had no way to respond—by both making new arguments and directly contracting prior concessions." TxDOT Post-Submission Br. at 3. AusPro did not move the goalposts; TxDOT carried AusPro into the end zone.

## CONCLUSION

AusPro does not believe that additional briefing is warranted, and respectfully asks the Court to deny TxDOT's motion. However, if the motion is granted, AusPro requests an additional 30 days and 8,000 words to respond to the proposed post-submission brief.

Respectfully submitted,

*/s/ Meredith B. Parenti*
Meredith B. Parenti
PARENTI LAW PLLC
7500 San Felipe, Suite 600
Houston, TX 77063
[Tel] (281) 224-5848
[Fax] (281) 605-5677
meredith@parentilaw.com
**Counsel for Appellant**
**AusPro Enterprises, LP**

## CERTIFICATE OF SERVICE

I certify that on December 11, 2015, I served a copy of this filing on the following party via email and through the Court's electronic filing system:

Douglas Geyser
Assistant Solicitor General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
*Counsel for Appellee Texas Department of Transportation*

*/s/ Meredith B. Parenti*
Meredith B. Parenti

5